IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JAMES MANNING, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:24-CV-2078-N-BK |
| | § | |
| UNITED STATES GOVERNMENT, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On August 15, 2024, Kevin James Manning filed a *pro se* complaint, along with a motion to proceed *in forma pauperis*, naming as defendants the United States Government and Donald Trump. Doc. 3; Doc. 5. The complaint is incoherent and difficult to decipher, but appears to seek four years of backpay from Manning's purported service as a U.S. Marshal. Manning alleges *in toto*:

> Manning Sworn in in Nashville Tennesse 4 years ago as an elected offical ⊕ President Donald Trump Cleared and Signed off on Kevin James Manning to be a US Marshal. After a victourious Senate vote Manning recieved Credential and began his

> US Marshal Job. Manning claims to have investigated Covid 19 and almost stopped it. Manning seeks 4 years back pay from US Marshals office.

Doc. 3 at 1.

Manning also filed other pleadings: *Motion to Suppress Senate Documents*, *Motion to Enter Evidence*, and *Motion for Hearing*, which reiterate his backpay claims for serving as a U.S. Marshal.  Doc. 6; Doc. 7; Doc. 8.  Manning, however, fails to present a cognizable federal claim and his factual contentions are both delusional and deficient.  Thus, this action should be dismissed as frivolous.[1]

**II. ANALYSIS**

A complaint filed *in forma pauperis* is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides *inter alia* for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious.  A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional"

---

[1] Because Manning's motion to proceed *in forma pauperis* is mostly blank and he states throughout his pleadings that he is homeless and has received state benefits for the past four years, it is more efficient to dismiss the complaint than to require compliance with the Court's filing requirements.  *See* Doc. 7; Doc. 8.

scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Manning has failed to state a viable legal claim or anything that can be construed as such. Moreover, as illustrated here, his factual contentions appear irrational and incredible and, thus, inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33.

Consequently, Manning's complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Manning has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Manning could allege cogent and viable legal claims.[2] Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

---

[2] However, the 14-day objection period will give Manning the opportunity to demonstrate otherwise.

### IV. CONCLUSION

For all these reasons, Manning's complaint should be **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on September 16, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED.</small> R. C<small>IV.</small> P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).